IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS

FILED
JUL 22 2020
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

---------------------------------------- x

ARTHUR L JENKINS JR and,
TIO-CARMILITA JOHNSON

    Plaintiffs

v.

SANDY'S GET-AWAY-TRAVEL-AGENCY and,
RHONDA SANCHEZ

    Defendants.

---------------------------------------- x

: Civil Action No._____
:
: COMPLAINT  W20CA659
:
: JURY TRIAL DEMANDED
:
:
:
:
:
:

## I. PRELIMINARY STATEMENT

1. This suit is brought against Defendants Sandy's Get-Away-Travel-Agency ("Sandy"), a certified travel agency and member of the International Air Transport Association ("IATA"), and Rhonda Sanchez ("Sanchez"), an employee of defendant Sandy, for breach of contract, fraudulent inducement and violations of the Texas Deceptive Trade Practices -- Consumer Protection Act, TEX.BUS. & COM. CODE § 17.46, et seq. (the "DTPA").

2. The plaintiff Arthur Jenkins ("Jenkins") alleges that between August 2019 and December 2019, defendants fraudulently obtained money from him through an agreement to plan and prepay travel tours through Carnival Cruise Ship ("CCS"). In fact, defendants diverted the monies intended for trip expenses to their own personal obligations, and has failed or refused to refund monies to him.

3. The plaintiff Tio-Carmilita Johnson ("Johnson") also alleges that between May 2019 through December 2019, defendants fraudulently obtained money from her through an agreement to plan and prepay travel tours to Mexico through CCS, and diverted the monies intended for trip expenses to their own personal obligations, and has refused or failed to refund monies to her.

4. Both Plaintiffs allege that defendants knowingly devised a scheme to defraud and obtain money by materially false and fraudulent pretense, representations and promises, when defendant Sandy unlawfully permitted defendant Sanchez to use its IATA number to book trips with intent to defraud clients.

## II. JURISDICTION & VENUE

5. This is a civil action authorized by 28 U.S.C. § 1332(a)(1), applying the law of Texas (where a substantial part of the events giving rise to this action occurred), pursuant to the conflict-of-laws doctrine.

6. Plaintiff Jenkins is a citizen of Arizona and Plaintiff Johnson is a citizen of Louisiana. Defendant Sandy is a company incorporated under the laws of Texas with its principal place of business in Texas and defendant Sanchez is a citizen of Texas. The amount in controversy exceeds of the sum or value of $75,000, exclusive of interest and cost specified by 28 U.S.C. § 1332.

## III. PARTIES

7. Plaintiff, Arthur Jenkins, do now reside, and at all times material herein resided, in the city of Phoenix, State of Arizona, at 5402 E. Washington St., Apt# 2034, Phoenix, AZ 85034.

8. Plaintiff, Tio-Carmalita Johnson, do and now reside, and at all times material herein resided, in the State of Louisiana at 157 Leisure Drive, Monroe, Louisiana 71203.

9. Defendant Sandy is now, and at all times material herein, a certified travel agency, otherwise described as a "walk-in" retail travel agency, doing business in the state of Texas, with its principal office in Waco, Texas, at 1206 N. 340 Loop, Waco TX 76705.

10. Defendant Sanchez, was and at all times material herein an employee of defendant Sandy and resided in the City of Waco, Texas at 4320 Beverly Drive, Waco, Texas 76711.

## IV. FACTS

### A. PLAINTIFF JENKINS' FACTS

11. In May 2019, Plaintiff Jenkins contacted defendant Sanchez, while acting within the course and scope of her employment, employed as a travel agent with defendant Sandy, to book a cruise through CCS departing on May 16, 2020.

12. Plaintiff Jenkins and defendant Sanchez shared a mutual intention that starting in May 2019, Mr. Jenkins was to pay an initial deposit of $100.00 to secure a reservation on CCS, with a total balance of $2,432.90, due in full by March 2, 2020.

13. On May 29, 2019, Jenkins paid defendant Sanchez $100.00 to secure the CCS reservation, and was provided with a booking number (8HFM51) and room number 6305-8B Balcony on CCS breeze.

14. From August 2019 through December 2019, Plaintiff Jenkins authorized and made the following payments from his Debit account to defendant Sanchez to be applied to the CCS Breeze account:

* 08/05/19 – $300.00
* 09/04/19 – $100.00
* 10/04/19 – $100.00
* 11/04/19 – $100.00
* 12/09/19 – $100.00

Total amount = $700.00

15. On December 12, 2019 Plaintiff Jenkins contacted CCS and was informed by CCS that they had not received any money towards his cruise besides a $100.00 deposit made by defendant Sandy, and that the Carnival Breeze 16/May/2020 trip had been cancelled due to non-payment.

16. On or about December 17, 2019, Jenkins contacted defendants demanding the return of payments he made to them in the amount of $800.00.

17. To present day, defendants has refused or failed to refund Mr. Jenkins with any monies forward to them to be applied to CCS.

18. Plaintiff Jenkins was informed that defendant Sandy unlawfully allowed defendant Sanchez to use its IATA number (545636), while establishing her own business "Waiting to Set Sail". Defendant Sandy allowed defendant Sanchez to use its IATA number to book plaintiff Jenkins' trip in hopes to receive kick-back commission.

19. On December 31, 2019 Plaintiff Jenkins filed an online consumer complaint with the Arizona Attorney's General Office and was provided with confirmation number: 2019-3858.

B. PLAINTIFF JOHNSON'S FACTS

20. In May of 2019, plaintiff Johnson agreed to go on a cruise with her friend Dalyse Mayo. Johnson contacted defendant Sanchez, while acting within the course and scope of her employment, employed as a travel agent with defendant Sandy, to book a New Year's Eve (2019) cruise to Mexico through CCS departing on December 28, 2019.

21. Plaintiff Johnson and defendant Sanchez both agreed that starting in May 2019, Ms. Johnson was to pay an initial deposit of $50.00 to secure a reservation with CCS, with a total balance of $2,228.94, all due by October 29, 2019.

22. On May 18, 2019, plaintiff Johnson paid defendant Sanchez $50.00 to secure the reservation with CCS and defendant Sanchez provided Johnson with a booking number (8CIN66), and room number 2342 on CCS Ocean 28/Dec/19.

23. From May 2019 through October 2019, plaintiff Johnson authorized and made payments through paypal to defendant Sanchez to be applied towards the balance of the cruise scheduled for December 28, 2019:

```
* 07/06/19 - $96.00
* 05/31/19 - $96.00
* 06/07/19 - $96.00
* 06/24/19 - $96.00
* 08/01/19 - $185.00
* 08/21/19 - $100.00
* 08/30/19 - $95.00
* 09/10/19 - $108.00
* 09/30/19 - $95.00
* 10/07/19 - $95.00
*10/22/19 - $95.00
```

Total amount = $1,157.00 + 50.00 inital deposit = $1,207.00

24. On December 12, 2019, Plaintiff Johnson was informed by Ms. Mayo that their trip was cancelled due to defendants' failure to transfer their monies to CCS. Ms. Mayo further explained that, CCS had not received any money towards their cruise besides a $100.00 deposit. Later that day, Ms. Mayo and plaintiff Johnson, contacted defendant Sanchez about the information that they had just discovered from CCS. Sanchez stated that the cruise was cancelled because CCS "double booked" it.

25. On or about December 16, 2019, CCS informed Ms. Mayo that the "double booked" assertion by defendant Sanchez was false, and the trip was cancelled due to defendants' failure to make payments.

26. On December 17, 2019, plaintiff Johnson contacted defendants demanding the return of payments that she had made to them in the amount of $1,207.00

27. To present day, defendants have refused or failed to refund Johnson with any monies forwarded to them to be applied to CCS.

28. Plaintiff Johnson was informed by Ms. Mayo that defendant Sandy unlawfully allowed defendant Sanchez to use its IATA number (545636) to book their CCS trip in hopes to receive kick-back commission.

29. On December 31, 2019 Johnson filed an online consumer complaint with the Attorney's General Office of Louisiana with respect to the defendants' aforementioned conduct.

## V. COUNT I
## BREACH OF CONTRACT

30. Plaintiffs incorporates by reference herein, paragraphs 1-29 of the complaint, as if fully set forth.

31. Defendants' failure to transfer monies to CCS for Plaintiffs' trips was deliberate, intentional and without good cause, in breach of the their agreements described above:

(a) The oral contracts between Plaintiffs and defendants were valid because agreements could have been fulfilled within one year from the date of making the agreements.

(b) The plaintiffs performed as contractually required of them by making timely payments to defendants.

(c) Defendants breached the contracts by failing to perform and tender as contractually required of them, when they failed to transfer plaintiffs' monies to CCS.

(d) Plaintiffs suffered damages due to the breach.

32. As a direct and proximate result of the foregoing breaches of express contractual obligations by defendants, Plaintiffs have been injured and damaged by loss of monies and mental anguish.

## VI. COUNT II
## FRAUDULENT INDUCEMENT

33. Plaintiffs incorporates by references herein, paragraphs 1-32 of the complaint, as if fully set forth.

34. Defendant Sanchez at all times both prior and subsequent hereto, is a duly authorized agent, officer, employee and representative of defendant Sandy engaged in business and acting within the scope of her employment and authority with and under the control of defendant Sandy, agreements with plaintiffs constitutes fraudulent inducement:

(a) Defendants materially represented that they would book cruises through CCS, transfer plaintiffs' monies to CCS and they failed to do so;

(b) Defendants supplied false information to plaintiffs about their CCS trips because they knew and had no intentions on successfully booking the trips of transferring plaintiffs' monies to CCS because they cancelled the trips and used plaintiffs' monies on their personal obligations;

(c) Defendants had knowledge of the falsity because after the cancellations were made known to plaintiffs, defendant Sanchez circulated a story that CCS "doubled booked" the trips, only in attempts to conceal the truth;

(d) Defendants' intent to induce plaintiffs' reliance can be demonstrated by them continuously accepting payments for the trips that they knew had been cancelled, while promising the plaintiffs that their trips were secure;

(e) Plaintiffs entered into their agreements with defendants based solely upon the promises and representations made by defendants and;

(f) Plaintiffs suffered injuries and damages due to being fraudulently induced into agreements with defendants.

35. As a direct and proximate result of the foregoing promises and representations made by defendants, Plaintiffs have been injured and damaged by loss of monies and other injuries as may be discovered.

## VII. COUNT III
## TEXAS DECEPTIVE TRADE PRACTICES --
## CONSUMER PROTECTION ACT VIOLATIONS

36. Plaintiffs incorporates by references herein, paragraphs 1-35 of the complaint, as if fully set forth.

37. Defendants are "persons" as defined by the DTPA § 17.45(3) and has, at all times as described below, engaged in conduct that constitutes "trade" and "commerce" as those terms are defined by § 17.45(6) of the DTPA.

38. Defendants has violated and continues to violate TEX.BUS. & COM.CODE § 17.46. et seq. by engaging in one or more of the following acts or practices:

(a) engaging in false, misleading, or deceptive acts or practices in the conduct of trade and commerce, in violation of TEX.BUS. & COM.CODE § 17.46(a);

(b) passing off goods or service as those of another, in violation of TEX.BUS. & COM.CODE § 17.46(b)(1);

(c) causing confusing or misunderstanding as to the source, sponsorship, approval, or certification of service, in violation of TEX.BUS. & COM.CODE § 17.46(b)(3);

(d) representing that their goods or services have characteristics, uses or benefits which they do not have, in violation of TEX.BUS. & COM.CODE § 17.46(b)(5); and

(e) representing that an agreement confers or involves rights, remedies, or obligations which it does not have or which are prohibited by law, in violation of TEX.BUS. & COM.CODE § 17.46(b)(12).

## VIII. REQUESTED RELIEF

39.   WHEREFORE, plaintiffs requests that this Court grant the following relief:

A. Compensatory Damages:

(1) Granting Plaintiff Jenkins $15,000 each against defendants Sandy and Sanchez for the economic and mental anguish injuries sustained as a result of their breach of contract and; $15,000 against each defendant for fraudulent inducement; and

(2) Granting Plaintiff Johnson $15,000 against each defendant for the economic and mental anguish injuries sustained as a result of their breach of contract and; $15,000 against each defendant for fraudulent inducement.

B. Punitive Damages:

(1) Granting Plaintiff Jenkins $20,000 each against defendants Sandy and Sanchez.

(2) Granting Plaintiff Johnson $20,000 each against defendants Sandy and Sanchez.

C. DTPA Violations:

(1) Award Plaintiff Jenkins damages, pursuant to TEX.BUS. & COM.CODE § 17.50(b)(1).

(2) Award Plaintiff Johnson damages, pursuant to TEX.BUS. & COM.CODE § 17.50(b)(1).

Respectfully submitted,

By: Tio-Carmalitia Johnson

By: _____
Tio-Carmalita Johnson (May 28, 2020 21:40 CDT)

Phone: 318-803-9180

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as matters alleged on information and belief, and, as to those, I believe them to be true. I certify under the penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

## CERTIFICATION OF SERVICE

I hereby certify that the attached Civil Complaint, pursuant to the Federal Rules of Civil Procedure, was filed with the Court by First Class Mail, on the _____ day of _____ 2020.

/s/ Tio-Carmalitia Johnson

/s/ Tio-Carmalita Johnson (May 28, 2020 21:40 CDT)

(b) passing off goods or service as those of another, in violation of TEX.BUS. & COM.CODE § 17.46(b)(1);

(c) causing confusing or misunderstanding as to the source, sponsorship, approval, or certification of service, in violation of TEX.BUS. & COM.CODE § 17.46(b)(3);

(d) representing that their goods or services have characteristics, uses or benefits which they do not have, in violation of TEX.BUS. & COM.CODE § 17.46(b)(5); and

(e) representing that an agreement confers or involves rights, remedies, or obligations which it does not have or which are prohibited by law, in violation of TEX.BUS. & COM.CODE § 17.46(b)(12).

## VIII. REQUESTED RELIEF

39. WHEREFORE, plaintiffs requests that this Court grant the following relief:

A. Compensatory Damages:

(1) Granting Plaintiff Jenkins $15,000 each against defendants Sandy and Sanchez for the economic and mental anguish injuries sustained as a result of their breach of contract and; $15,000 against each defendant for fraudulent inducement; and

(2) Granting Plaintiff Johnson $15,000 against each defendant for the economic and mental anguish injuries sustained as a result of their breach of contract and; $15,000 against each defendant for fraudulent inducement.

B. Punitive Damages:

(1) Granting Plaintiff Jenkins $20,000 each against defendants Sandy and Sanchez.

(2) Granting Plaintiff Johnson $20,000 each against defendants Sandy and Sanchez.

C. DTPA Violations:

(1) Award Plaintiff Jenkins damages, pursuant to TEX.BUS. & COM.CODE § 17.50(b)(1).

(2) Award Plaintiff Johnson damages, pursuant to TEX.BUS. & COM.CODE § 17.50(b)(1).

Respectfully submitted,

By: **Arthur L Jenkins**

By: *Arthur L Jenkins*
Arthur L Jenkins (May 28, 2020 17:21 PDT)

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as matters alleged on information and belief, and, as to those, I believe them to be true. I certify under the penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

## CERTIFICATION OF SERVICE

I hereby certify that the attached Civil Complaint, pursuant to the Federal Rules of Civil Procedure, was filed with the Court by First Class Mail, on the _____ day of _____ 2020.

/s/ Arthur L Jenkins
_____

*Arthur L Jenkins*
/s/Arthur L Jenkins (May 28, 2020 17:21 PDT)

# Petition
Final Audit Report                                                                                              2020-05-29

| | |
|---|---|
| Created: | 2020-05-21 |
| By: | Dalyse Janiszcak (dalysej8@gmail.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAQQHwcD_A2SwBsNBjWYRVJQJ7DIE-Ieg5 |

## "Petition" History

- Document created by Dalyse Janiszcak (dalysej8@gmail.com)
  2020-05-21 - 1:44:02 AM GMT- IP address: 173.173.34.29

- Document emailed to Arthur L Jenkins (aj29philadelphia@hotmail.com) for signature
  2020-05-21 - 1:47:02 AM GMT

- Email viewed by Arthur L Jenkins (aj29philadelphia@hotmail.com)
  2020-05-29 - 0:11:29 AM GMT- IP address: 71.209.187.166

- Document e-signed by Arthur L Jenkins (aj29philadelphia@hotmail.com)
  Signature Date: 2020-05-29 - 0:21:30 AM GMT - Time Source: server- IP address: 71.209.187.166

- Signed document emailed to Arthur L Jenkins (aj29philadelphia@hotmail.com) and Dalyse Janiszcak (dalysej8@gmail.com)
  2020-05-29 - 0:21:30 AM GMT

Adobe Sign